UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )   **Criminal No. 93-365 (RCL)**
    v.                              )
                                    )
**DARRICK COOK**                    )
    *also known as*                 )
**DERRICK COOK**                    )
                                    )
            **Defendant.**          )
_____)

## MEMORANDUM OPINION

Defendant Derrick Cook, acting *pro se*, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Def.'s Mot. Reduce 1, Feb. 12, 2012, ECF No. 100. The Federal Public Defender's office subsequently filed a Supplemental Motion to Reduce Sentence on defendant's behalf. Def.'s Supp. Mot. Reduce 1, Jul. 3, 2012, ECF No. 101. Upon consideration of Mr. Cook's Motion [100], the Supplemental Motion [101] filed on his behalf, the government's Opposition [103], the defendant's Reply [104], the entire record herein, the applicable law, and for the reasons set forth below, the Court will deny the motion.

## I.   BACKGROUND

On September 7, 1993, defendant was arrested carrying 114.51 grams cocaine base ("crack"). Presentence Investigation Report Revised ¶ 6, May 5, 1994 ("PSR"). He was indicted on October 7, 1993, for possession with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii). On January 12, 1994, before trial, the United States filed an information giving notice of the defendant's prior drug conviction, in accordance with 21 U.S.C. § 851. Information 1, Jan. 12, 1994, ECF No. 22. On February 28, 1994, a jury found the defendant guilty as charged. Based on his offense level—

32—and his criminal history category—II—his guideline range was calculated at 135 to 168 months. PSR ¶ 38. However, because the statutory mandatory minimum was higher than the guideline range, defendant was sentenced to the mandatory minimum—240 months incarceration. Defendant now seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

## II.    LAW

Under 18 U.S.C. § 3582(c)(2), the Court is allowed to modify a sentence when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Commission." The crack guidelines have been reduced a number of times, most recently in response to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which took effect on August 3, 2010. The pre-FSA crack sentencing guidelines were greatly criticized for their disproportionately harsh treatment of crack versus powder cocaine possession and distribution. *See, e.g.*, *Dorsey v. United States*, 132 S. Ct. 2321, 2328–29 (2012). Under the pre-FSA guidelines, there was a 100-to-1 disparity in the amount of crack cocaine necessary to trigger strict mandatory-minimum sentences. *Id.* The FSA lowered that disparity to 18-to-1. *Id.* at 2329. The United States Sentencing Commission ("USSC") promulgated Emergency Amendment 748, which became effective on November 1, 2010, and lowered the guidelines ranges for crack offenses. *U.S. Sentencing Guidelines Manual (USSG) App. C. Vol. III*. Amendment 750, which made the new lower sentencing ranges established by Amendment 748 permanent, took effect on November 1, 2011. *Id.* The most recent USSG policy statement made Amendment 750 retroactive. *USSG* § 1B1.10. However, "where a defendant is sentenced to a statutory mandatory minimum sentence, relief under section 3582(c)(2) is unavailable because the sentence is no longer 'based on' a sentencing range."

*United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010).

**III.     ANALYSIS**

Defendant, here, was found guilty of possession with intent to distribute at least 50 grams of crack.  This was at least defendant's second felony drug conviction and, therefore, the mandatory minimum sentence at the time was no less than 20 years—240 months—imprisonment.  21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) (1994).  Judge Harris imposed that mandatory minimum sentence on the defendant on July 5, 1994.  Because the defendant was not sentenced pursuant to a guideline sentencing range that has been subsequently lowered but received the statutory mandatory minimum sentence, his sentence cannot be reduced under § 3582(c)(2).  *See Cook*, 594 F.3d at 886.

The only remaining question is whether the FSA's new lower mandatory minimums are themselves retroactive, which would allow the Court to re-open the defendant's sentencing and impose a lower sentence.  In *Dorsey*, the Supreme Court determined that the FSA applies retroactively only to those defendants convicted of crack offenses before the enactment of the FSA but sentenced after the FSA took effect—August 3, 2010.  132 S. Ct. at 2335.  The Court is now asked to extend *Dorsey* to defendants who were convicted and sentenced pre-FSA.

Defendant makes a strong argument that the reasoning used by the Supreme Court in *Dorsey* is applicable to his case.  Supp. Mot. Reduce Sent. 5–12, ECF No. 101.  However, the Supreme Court has already foreclosed such extended application of its reasoning by noting that its decision would "create a new set of disparities.  But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)."  *Dorsey*, 132 S. Ct. at 2335.  Moreover, the D.C. Circuit has made clear that the FSA does

not apply retroactively to defendants convicted and sentenced before its enactment. *See United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012). Because "district judges . . . are obliged to follow controlling circuit precedent until either [the D.C. Circuit], sitting en banc, or the Supreme Court, overrule it," this Court has no authority to hold that the FSA applies retroactively. *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997).

## IV. CONCLUSION

For the foregoing reasons, the Court holds that the defendant's Motion to Reduce Sentence [100] must be denied. A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on November 30, 2012.